People v Devallon (2020 NY Slip Op 02477)





People v Devallon


2020 NY Slip Op 02477


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-12070
 (Ind. No. 2691/17)

[*1]The People of the State of New York, respondent,
v
Emmanuel Devallon, appellant.


Paul Skip Laisure, New York, NY (Priya Raghavan of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Caroline R. Donhauser of counsel; Isaac Belenkiy on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (William M. Harrington, J.), imposed September 25, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, ____ NY3d ____, 2019 NY Slip Op 08545; People v Brown, 122 AD3d 133, 145-146). Although the record includes a written appeal waiver form executed by the defendant, the Supreme Court did not engage in a comprehensive colloquy with the defendant and "did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents" (People v Brown, 122 AD3d at 145). The record does not contain any assurances that the defendant, who was a first time felony offender, understood the distinct appellate rights he was waiving by executing the written waiver (see People v Bradshaw, 18 NY3d 257, 264-267). Moreover, neither the court's colloquy nor the written waiver contain any clarifying language that appellate review remained available for select claims that may not be waived, including the voluntariness of the plea and appeal waiver, the legality of the sentence, and the jurisdiction of the court (see People v Thomas, ___ NY3d at___, 2019 NY Slip Op 08545, *7). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court